**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 21-2427

_____

MABEL OSEI,

        Plaintiff - Appellant,

    v.

CUSHMAN & WAKEFIELD, f/k/a QSI Facilities, a/k/a Emcon Associates, Inc.
("Cushman & Wakefield"),

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Paula Xinis, District Judge.  (8:20-cv-00040-PX)

_____

Submitted:  October 13, 2022                    Decided:  October 17, 2022

_____

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Kevin J. McCants, THE MCCANTS FIRM, LLP, Washington, D.C., for
Appellant.   Mark Anthony Kozlowski, LAW OFFICE OF CHRISTOPHER R.
COSTABILE, London, Kentucky, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mabel Osei appeals the district court's order granting summary judgment to Cushman & Wakefield on Osei's personal injury claims. The court, noting that it had previously stricken Osei's expert witness as a sanction for her failure to comply with discovery rules, found that Osei's lack of a liability expert necessitated summary judgment. On appeal, Osei does not dispute that expert testimony was necessary for her to prevail on her claims. Instead, she argues that the court erred in striking her expert witness. We affirm.

"We review for an abuse of discretion both the district court's finding of a disclosure violation and its decision to exclude evidence as a discovery sanction." *Benjamin v. Sparks*, 986 F.3d 332, 341 (4th Cir. 2021) (internal quotation marks omitted). Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure provides that each "party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2)(B) requires further disclosures if the expert witness "is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

For expert witnesses, the disclosure must "be accompanied by a written report prepared and signed by the witness," and include:

> a complete statement of all opinions to be expressed and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous [four] years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

2

*Id.* The required disclosures must be made as directed by the district court's scheduling order. *See* Fed. R. Civ. P. 26(a)(2)(D). If a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

We have reviewed the briefs, joint appendix, and the record and conclude that the district court did not abuse its discretion in striking Osei's expert witness. Accordingly, we affirm the district court's judgment. *Osei v. Cushman & Wakefield*, No. 8:20-cv-00040-PX (D. Md. Nov. 19, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*